JACHAM ENTERPRISES, INC. ET AL. *v.*
HOFFMAN, ETC.

[No. 185, September Term, 1963.]

434

*Decided January 31, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*Leonard S. Jacobson,* with whom was *Preston A. Pairo* on the brief, for the appellants.

*Norman Polovoy* for the appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City dated October 11, 1962 overruling appellants' demurrer to a petition for injunction and from an order passed

by the same court on April 25, 1963 wherein the appellants were directed to restore to the appellee certain coin-operated amusement devices specified therein, or in lieu thereof to pay the appellee the sum of $1,100 and further awarding the appellee damages in the amount of $1,950 and assessing costs against the appellants.

The appellant Jacham Enterprises, Inc. (Jacham) is a Maryland corporation engaged in the business of installing and operating coin-operated amusement devices and automatic phonographs in various business locations in Baltimore and throughout the surrounding area pursuant to contracts entered into between it and the owners of such business establishments.

The appellee, Joseph Hoffman (Hoffman) owns a tavern in Baltimore, and in November 1961 he contracted with Jacham for the installation of Jacham's coin-operated devices on his business premises. As a part of the agreement Jacham was to purchase Hoffman's equipment, remove it from the premises, and install its own equipment in the tavern. This was done, and almost immediately thereafter, strangers presented claims of title to Hoffman's equipment then in the hands of Jacham. One such claimant filed an action of replevin in December 1961.

As a result of these claims made against Hoffman's equipment and further difficulties between him and the appellant, a suit for an injunction and for specific performance of the November contract was instituted by Jacham on January 12, 1962. This suit is the original pleading in the case from which this appeal stems. Hoffman filed a cross-bill of complaint, and after some additional pleadings, the case was heard by Judge Cullen in the Circuit Court of Baltimore City and resulted in a decree, dated April 30, 1962, about which more will be said later herein.

However, between the hearing on the bill and cross-bill and the issuance of the decree, another replevin action, this one by Chesapeake Vending Machine Co., Inc. (Chesapeake), was instituted against Jacham in March 1962 seeking some of the equipment which Jacham had purchased from Hoffman. This suit, we were told at the oral argument, is still pending.

The effect of the decree of April 30, 1962 was that Hoffman was ordered to repay to Jacham any money that Jacham had paid him pursuant to their agreement, allowing Jacham to re-

move its equipment from Hoffman's premises, declaring their former agreement null and void and determining that "property" in the disputed equipment was in Hoffman. In other words, the parties were placed in status quo, as though the agreement between Jacham and Hoffman entered into in November 1961 had never been made. Following the decree Jacham then agreed to permit its equipment to remain on Hoffman's premises for a period of one month from May 4 to June 4, 1962, upon payment by Hoffman of $400. Hoffman's equipment which he had sold to Jacham consisted of seven items, four of which had not been returned to him pursuant to the decree, although an order of satisfaction was signed by attorneys for both parties and filed May 9, 1962. These four machines, which are the subject of the controversy between the parties, consisted of one Ballerina pin ball game, one Shawnee console, and two Continental cigarette machines.

On May 1, 1962, the day following the court's decree, Hoffman, having learned of Chesapeake's replevin suit, formally intervened as a party defendant in that suit and several days later filed a petition for a writ of retorno habendo together with a bond in the amount of $4000. We now get to the point where, as Mr. Justice Holmes once said, the little boy pinched his finger in the machine. Finding that four pieces of equipment had not been replevied by Chesapeake as he thought but were still being held by Jacham, Hoffman, on June 7, 1962, filed a petition for an injunction, seeking, *inter alia,* to enjoin Jacham from removing its equipment from Hoffman's premises until the four pieces of equipment which belonged to Hoffman were returned.

Jacham demurred to the petition, contending that Hoffman had an adequate remedy at law (the replevin suit by Chesapeake, in which Hoffman had intervened as a party defendant). Judge Cullen overruled the demurrer, holding that the fact that a legal remedy existed did not oust the jurisdiction of the equity court. Jacham thereupon filed an answer to the petition, and the matter came on for hearing before Judge Shirley B. Jones in the Circuit Court.

At the hearing before Judge Jones Hoffman's testimony established that Jacham had not returned any of his equipment,

and that he had paid Jacham the $400 rental for Jacham's equipment left with Hoffman for a month as agreed. He further testified that as a result of Jacham's failure to return the equipment to him, he had been required since June 1962 to rent comparable equipment at $50 per week. He valued the two amusement devices which Jacham had retained at $1895, and the two cigarette machines at $350 each.

A. David Gomborov, Hoffman's attorney at the time of the decree of April 30, 1962, testified that between the time Judge Cullen informed counsel for both sides what he was going to decide and the actual preparation of the decree, he had been told by Jacham's attorney that all of Hoffman's equipment in Jacham's possession had been replevied by the sheriff as the result of Chesapeake's replevin suit against Jacham and was then being held in *custodia legis*. He stated that the reason he had signed the order of satisfaction and waived appeal in the case before Judge Cullen was because the clerk of the Circuit Court had advised him that the money which had been paid voluntarily into court could not be released in accordance with the decree unless there was an order of satisfaction.

Peter Mongelli, president of Jacham, testified that at the time the sheriff served him with the writ of replevin the two cigarette machines he had gotten from Hoffman had been commingled with other similar machines of his company and were located in other business establishments. The two amusement devices had been stripped of their valuable parts and the residue junked. He further testified that he gave a Mr. Angster, president of Chesapeake (plaintiff in one of the replevin suits), who accompanied the sheriff, a check in the amount of $700 for the value of the goods eloigned.

On April 16, 1963, Judge Jones filed a memorandum opinion in which she held that the proceedings brought by Hoffman were not to rescind or modify the enrolled decree of April 30, 1962. She considered them as an effort by Hoffman to have that decree enforced as to the four pieces of equipment, the property in which had been found in the earlier proceeding to be in him, and so stated in the April 30 decree. Judge Jones further found that Hoffman had joined in the order of satisfaction and a subsequent waiver of appeal under the erroneous be-

438

lief that the four items the court had declared to be his were held in *custodia legis* in the replevin action of Chesapeake, and that he would be able to recover them by intervening in that suit. The court also found as a fact that the equipment in question had never been replevied by Chesapeake from Jacham, and accordingly Jacham was responsible to place Hoffman in status quo as to the four items. An appropriate order in accordance with the opinion of Judge Jones was filed April 25, 1963.

In addition to arguing that the lower court was in error in overruling its demurrer to Hoffman's petition of June 7, 1962, Jacham also contends that the court erred in allowing any damages to Hoffman and in ordering it to restore to Hoffman the four pieces of equipment in controversy or, in lieu thereof, to pay to him their value as a part of the damages awarded.

Appellee strongly argues that Jacham's demurrer was contrary to Maryland Rules 345 b and 373 b in that it failed to state in detail the question of law or insufficiency of substance upon which the demurrer was grounded. Therefore, Hoffman contends, Jacham may not properly raise here for the first time the correctness of the lower court's order overruling the demurrer. It is true that the substance of Jacham's demurrer was only that Hoffman had an adequate remedy at law and that here for the first time he raises the specific contention that the relief sought by Hoffman could only be obtained by a bill of review for fraud in obtaining the original decree. However, we find it unnecessary to decide the adequacy of the demurrer. Assuming, but not deciding, that Jacham may properly raise the issues he has sought to raise, nevertheless we find no error in the order overruling the demurrer or in the decree of Judge Jones.

Appellant agrees that a court of equity, having obtained jurisdiction over a controversy, will retain such jurisdiction in order to administer complete relief, aptly citing *Harris v. Harris*, 213 Md. 592, 132 A. 2d 597; *Gibula v. Sause*, 173 Md. 87, 194 Atl. 826; *Kleiman v. Needle*, 140 Md. 107, 117 Atl. 3. He also agrees that having obtained jurisdiction for one purpose, the equity court will retain such jurisdiction to adjust and determine all rights of the parties to the litigation. *Dormay Const. Corp. v. Doric Co.*, 221 Md. 145, 156 A. 2d 632.

Nevertheless, he argues that these general principles are in-

applicable. It is appellant's position that after the decree of April 30, 1962 had been enrolled (30 days after its date, Rule 671 a) the entry of that decree as "paid and satisfied" put an end to the equity case. Hoffman, he contends, merely sought in his June 7 petition to reinvoke the power of equity for further relief. This, Jacham argues, can be done only by the filing of a bill of review, or an original bill for fraud in obtaining the enrolled decree. Just as in considering the appellee's contention as to the adequacy of the demurrer, we think, as did Judge Jones, that this contention by the appellant is inapplicable to the situation presented in this case.

This argument loses sight of the plain fact, found by Judge Jones, that Hoffman's petition had the purpose of enforcing the decree and not of modifying or rescinding it. That decree had recognized the property right in the contested equipment to be in Hoffman. At the time he filed his petition those pieces of equipment had not been restored to him. From the language of the petition it was evident to the lower court, as it is to us, that Hoffman sought injunctive relief to enforce Judge Cullen's decree of April 30 in order to obtain the return of his machines and the necessary ancillary relief. Furthermore, the procedure sought to be invoked is proper in an equity court. *McKeever v. Realty Corp.*, 183 Md. 216, 37 A. 2d 305; Miller, *Equity Procedure*, Section 270. In fact, this practice has been incorporated into our Rule 685.

Nor do we think there was error in the lower court's order of April 25, 1963. We can not agree with Jacham's contention that the damages awarded by the court were unsupported by the evidence. On this issue, the court found Jacham responsible for two pieces of equipment upon which, after hearing testimony which was uncontradicted, it placed a value of $1100, and directed Jacham to restore it or its kind or pay Hoffman the value. The court also allowed damages of $200 (half the amount claimed) for the equipment Hoffman had rented from Jacham from May 4 to June 4, 1962. Additional damages of $1750, representing the rental of two pieces of equipment comparable to those which should have been returned, was determined by applying a $50 per week rental figure which Hoffman had to pay for the thirty-five weeks during which compliance

with the decree had not been met. We find no abuse of the court's discretion or inequity in arriving at the damages.

Finding no error in Judge Cullen's order overruling the appellant's demurrer to the petition of the appellee of June 7, 1962 or in the order of Judge Jones of April 25, 1963, we will affirm the judgment.

*Judgment affirmed, costs to be paid by the appellants.*